# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| **MARY GARCIA,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| VS. | )     Civil Action No. SA-06-CA-667-XR |
| | ) |
| **METHODIST METROPOLITAN** | ) |
| **HOSPITAL,** | ) |
| | ) |
|     **Defendant.** | ) |
| | ) |

## ORDER

On this date, the Court considered the United States Magistrate Judge Pamela A. Mathy's Memorandum and Recommendation, filed September 7, 2006, in the above-numbered and styled case. After careful consideration, the Court will accept the Magistrate Judge's recommendations that Plaintiff's motion for leave to proceed in forma pauperis ("IFP") be DENIED (Docket No. 1), her motion for appointment of counsel be DENIED (Docket No. 2), and her case be DISMISSED WITHOUT PREJUDICE. The Clerk is directed to close this case.

Any party who desires to object to a Magistrate Judge's findings and recommendations must serve and file his written objections within ten days after being served with a copy of the findings and recommendation. 28 U.S.C. § 635(b)(1). The certified mail acknowledgment receipt for the Magistrate Judge's Memorandum and Recommendation was filed with the Court on October 2, 2006. Because no party has objected to the Magistrate Judge's Memorandum and Recommendation, the Court need not conduct a de novo review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and

recommendations to which objection is made.").

## Factual and Procedural Background

Plaintiff appears to allege claims under Title VII of the Civil Rights Act and the American with Disabilities Act. This case was initiated on August 7, 2006, when Plaintiff, Mary Garcia, filed a motion for leave to proceed IFP,[1] motion for appointment of counsel,[2] and tendered a proposed complaint which alleges employment discrimination.[3] More specifically, the motion for appointment of counsel and the proposed complaint allege that Plaintiff was employed by Methodist Metropolitan Hospital (the "Hospital") from August 21, 2004 to November of 2005 as a "PCA."[4] Plaintiff alleges her employment was terminated wrongfully based on her disability (diabetes) and a prior complaint of discrimination.

Although both the complaint form and the form motion for leave to proceed IFP provide a place for Plaintiff to specify the dates of the alleged discriminatory acts and the dates of her last employment, Plaintiff did not complete those portions of the forms. Plaintiff's motion for appointment of counsel indicates Plaintiff had been employed by the Hospital from August 21, 2004 to November of 2005.[5] No document filed with the Court indicate the exact date on which Plaintiff's employment with the Hospital was terminated or by whom. Nor do any of Plaintiff's submissions

---

[1] Docket No. 1.

[2] Docket No. 2.

[3] *See* Proposed Complaint.

[4] Docket Nos. 2 and 3 and Proposed Complaint. Plaintiff's response to the Order to show cause indicates she was employed as a "CNA" at the hospital. Docket No. 4 at Pg. 3. "CNA" is likely an abbreviation for "certified nurses' aide."

[5] *Id.*

indicate when Plaintiff made a prior complaint of discrimination, to whom, and the nature of the complaint, to explain why Plaintiff believes the termination of her employment was in retaliation for the prior complaint.[6]  As relief, Plaintiff asks for the entry of an order requiring the Hospital to re-employ Plaintiff and to "pay for my cost and damages."  Plaintiff attaches to her proposed complaint a copy of the EEOC's dismissal and notice of rights, issued with respect to EEOC Charge of Discrimination No. 451-2006-00260, dated May 12, 2006.  This letter indicates that the EEOC closed its file for the following reason:

> Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

Plaintiff did not attach to her proposed complaint a copy of her original charge(s) of discrimination with the EEOC, to show when she complained to the EEOC regarding the alleged discriminatory actions, what claims she exhausted administratively, when the alleged discrimination occurred, the timeliness of her EEOC charge and the proposed complaint in this Court, or to provide a summary of the factual basis for her claims.

On August 10, 2005, the Magistrate Judge entered an Order, which held in abeyance Plaintiff's motion for leave to proceed IFP and motion for appointment of counsel.  The Order notified Plaintiff that unless she could demonstrate a non-frivolous cause of action, Plaintiff could be denied leave to proceed IFP and the case could be dismissed without prejudice.  It called upon Plaintiff to provide further information about her proposed claims.[7]  Specifically, Plaintiff was directed to attach to her response a copy of EEOC Charge of Discrimination No. 451-2006-00260,

---

[6]Proposed Complaint at Pg. 3.

[7]Docket No. 3.

which corresponded to the dismissal and notice of rights submitted by Plaintiff. The Order informed Plaintiff that "her failure to file a timely and complete response by the noted deadline will result in the District Judge entering an Order dismissing this case without prejudice for failure to comply with a Court Order and failure to timely prosecute her case."

On August 24, 2006, Plaintiff filed her response to the show cause Order.[8] Apart from two cover sheets and four pages of attachments, Plaintiff's response consists of a one-page handwritten summary of EEOC's failure to contact her for an interview or conference about her claims, her contact of the EEOC in which she was told she "only had 30 days to respond . . . [and] . . . only had 1 day[] left," her apparent failure to ask for more time to respond, and her contention that her receipt of unemployment benefits following her termination indicates there "was no misconduct done on my part in performing my duties."[9] Plaintiff attached to her response a copy of the determination on payment of unemployment benefits dated December 28, 2005, in which the Texas Workforce Commission indicates that unemployment benefits may be paid to Plaintiff because, "Our investigation found your employer discharged you from your last work for a reason that is not misconduct connected with the work."

Plaintiff also attached another copy of the notice of dismissal and right to sue already submitted to the Court, but not the underlying charge of discrimination filed by Plaintiff with the EEOC, which would indicate the claims exhausted. Finally, Plaintiff attached two pages cataloguing medical treatment afforded Plaintiff on September 23, 2005 and July 29, 2005, although the name of the treating health care professional is not provided and the symptoms for which Plaintiff

---

[8]Docket No. 4.

[9]Docket No. 4 at Pg. 3.

apparently sought treatment, itching and ear pain, have no explained connection to the diabetic condition that Plaintiff asserts was disabling.

## Legal Analysis

This case was referred to Magistrate Judge Pamela A. Mathy for a Memorandum and Recommendation. Magistrate Judge Mathy reviewed the record and briefing and recommended that Plaintiff's motion for leave to proceed IFP be DENIED because Plaintiff has not stated a non-frivolous federal cause of action upon which relief may be granted; Plaintiff's motion for appointment of counsel be DENIED on the ground that Plaintiff does not have a right to appointment of counsel to prosecute frivolous or otherwise non-meritorious claims and otherwise DENIED as moot; and Plaintiff's case should be DISMISSED WITHOUT PREJUDICE.[10]

Magistrate Judge Mathy concluded that Plaintiff's allegations of disability discrimination and retaliation were vague and conclusory. This Court shall dismiss Plaintiff's claims pursuant to 28 U.S.C. § 1915(e) if the action is frivolous or fails to state a claim on which relief may be granted. Section 1915(e) accords this Court not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the power to pierce the veil of Plaintiff's allegations and dismiss those claims whose factual contentions are clearly baseless.[11]

Judge Mathy concluded that Plaintiff provided no factual information in her proposed complaint or her response to the show cause order to support her claim that her termination was unlawful. In support of this conclusion, Judge Mathy noted the following:

[P]laintiff has not alleged facts showing she is disabled or perceived as disabled

---

[10] *See* Docket No. 5 at Pg. 13.

[11] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

> because of her diabetes, she is qualified for the work with or without a reasonable accommodation for her disability, or she was replaced by or treated differently than a non[-]disabled person. Nor has [P]laintiff alleged facts showing she filed a previous discrimination claim against the Hospital and when, who knew of the prior claim, or facts suggesting a causal connection existed between the prior claim and her termination. Further, [P]laintiff did not comply with the Order to show cause by providing a copy of her EEOC charge of discrimination. Absent the charge of discrimination, there is no way to determine whether [P]laintiff has timely exhausted administrative remedies for each of the discrimination claims alleged in the proposed complaint.

Docket No. 5 at Pg. 12.  Judge Mathy concluded that Plaintiff "failed to provide sufficient information to allow the Court to conclude that she was stated a federal claim upon which relief may be granted."

The Court has reviewed the Memorandum and Recommendation and finds it to be neither clearly erroneous nor contrary to law.  *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989).  Accordingly, the Court ACCEPTS the Magistrate Judge's Recommendation.  Plaintiff's motion for leave to proceed in forma pauperis is DENIED because Plaintiff has not stated a non-frivolous federal cause of action upon which relief may be granted (Docket No. 1); Plaintiff's motion for appointment of counsel is DENIED on the ground that Plaintiff does not have a right to appointment of counsel to prosecute frivolous or otherwise non-meritorious claims and otherwise DENIED AS MOOT (Docket No. 2).  Plaintiff's case is DISMISSED WITHOUT PREJUDICE.  The Clerk is directed to close this case.

SIGNED this 24th day of October, 2006.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE